UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DAVINA LYNN PETCHONKA,       )
                             )
    *Plaintiff*       )
                             )
v.                           )    No. 1:10-cv-195-JAW
                             )
MICHAEL J. ASTRUE,           )
Commissioner of Social Security, )
                             )
    *Defendant*       )

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Supplement Security Income ("SSI") appeal contends that the administrative law judge's finding as to her mental residual functional capacity ("RFC") was unsupported by medical opinion and impermissibly interpreted raw medical evidence. I recommend that the decision be vacated and the case remanded for further proceedings.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from organic mental disorder/cognitive disorder/borderline intellectual functioning/affective disorder/major depressive disorder, anxiety-related disorder/generalized anxiety, and personality disorder/borderline personality disorder, impairments that were severe but which, considered separately or in combination, did not meet or equal the criteria of any of the impairments listed in

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 18, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 2-3, Record at 11; that she had the RFC to perform a full range of work at all exertional levels, but could understand and remember basic instructions only up to at least four steps, execute basic instructions up to at least four steps only for two-hour periods at a time during the course of a normal workday and workweek, interact only occasionally and superficially with coworkers and supervisors and not at all with the general public, exercise judgment only to avoid common hazards and ask basic questions about job-related tasks, and adapt only occasionally to changes in the workplace, Finding 4, *id*, at 12; that she was not able to perform any past relevant work, Finding 5, *id*. at 15; that, given her age (23 years old on the date the application was filed), at least a high school education, work experience, and RFC, there were a significant number of jobs in the national economy that the plaintiff could perform, Findings 6-9, *id*.; and that she, therefore, had not been under a disability, as that term is defined in the Social Security Act, at any time from the date the application was filed through the date of the decision, Finding 10, *id*. at 16. The Decision Review Board affirmed the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

**Discussion**

The plaintiff's appeal is focused on a single issue: whether there is any basis for the decision in the medical evidence of record. Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (Docket No. 7) at 2-5. Specifically, the plaintiff points out that the administrative law judge states that he gave "great weight" to the opinion of Dr. Edward Quinn, who conducted a consultative psychological evaluation of the plaintiff, but that Dr. Quinn's report did not find the limitations that the administrative law judge assigned to the plaintiff. *Id*. at 3. The plaintiff asserts that there is no other medical evidence in the record to support those specific limitations.

The administrative law judge recited some of the findings from Dr. Quinn's evaluation that might relate to the mental limitations he included in the plaintiff's RFC: "she was able to complete 4-step instructions during the interview"; "the examiner believed that she would have some difficulties interacting with others. He opined that the claimant would be able to use appropriate gross judgment, but would have mild difficulties with stressors. Her ability to function independently was intact according to the examiner, as was her ability to complete job instructions." Record at 14. Only one of the limitations included in the plaintiff's RFC by the administrative law judge can be directly tied to these observations: she was able to understand,

remember, and execute basic instructions up to a least four steps. *Id*. at 12. It is possible to see in the plaintiff's RFC the genesis of several other limitations in Dr. Quinn's report, but the details of those limitations are not to be found in Dr. Quinn's report. From all that appears, these limitations represent, at best, interpretations of raw medical evidence beyond the range of common sense judgments and, therefore, are impermissible. *See Bard v. Commissioner*, __ F.Supp.2d __, 2010 WL 3274713, at *5-*6 (D. Me. Aug. 31, 2010); *Eshelman v. Astrue*, No. 06-107-B-W, 2007 WL 2021909, at *2-*3 (D. Me. July 11, 2007).

The administrative law judge rejected the report of a state-agency consulting psychologist who concluded that the plaintiff's mental impairments were not severe. Record at 15. The only other medical evidence cited by the administrative law judge, Exhibit 13F, records of Health Reach Community Health Centers, *id*. at 336-52, was characterized as "not support[ing]" the application for benefits, *id*. at 15. No other record medical support for the administrative law judge's conclusions is cited in the opinion.

At oral argument, counsel for the commissioner contended that the administrative law judge could make a "common-sense judgment" based on the absence of medical evidence, citing *Manso-Pizarro* and *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327 (1st Cir. 1990). However, neither opinion may be stretched so far as to support that argument, which would allow an administrative law judge virtual unfettered authority to conclude whatever he or she wished, so long as nothing in the record contradicted the conclusion. The holding of *Gordils* is that the commissioner "may make common-sense judgments about functional capacity based on medical findings," 921 F.2d at 329, not that he may make such judgments based on the absence of any medical findings. Similarly, the First Circuit said in *Manso-Pizarro* that "where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render

4

a commonsense judgment about functional capacity even without a physician's assessment." 76 F.3d at 17. That is not this case.

The situation in this case requires reversal, unless the error can reasonably be said to have been harmless. That conclusion has some initial appeal because, from all that appears, the assigned RFC was more favorable to the plaintiff's claim of disability than the medical evidence would warrant. However, in this case, it cannot be determined whether the vocational expert's testimony, which provides the basis for the administrative law judge's conclusion at Step 5, would have been the same if only the one supported limitation, discussed above, had been included in the hypothetical questions posed by the administrative law judge. Accordingly, remand is warranted.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the matter remanded for further proceedings consistent with this opinion.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 25th day of March, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge